UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

TABITHA MARIE SMITH (Deceased) (aka Tabatha Marie Colbaugh), by and through her surviving children NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH,

and

NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH, (individually),

                  Plaintiffs,

v.

GARMIN INTERNATIONAL, INC. and GARMIN USA, INC.,

                  Defendants.

No.

JURY DEMAND

## COMPLAINT AND JURY DEMAND

### PARTIES

1. At all relevant times, Tabitha Marie Smith (the Deceased) was a citizen of the United States and a resident of the State of Tennessee. At the time of the events averred of herein, the Deceased was a resident of Meigs County, Tennessee.

2. Upon information and belief, at the time of the events averred herein, the Deceased was survived by four children, the named Plaintiffs, who have the primary and sole right to bring this cause of action.

3. Smith is an adult while NR, JE and LC are minors.

4. SR is the legal guardian of NR, JH is the legal guardian of JE. and. EH is the legal guardian of LC.

5. All four children have equal standing to bring this action as well as standing to bring their own claims for loss of consortium.

6. Defendant Garmin International, Inc. is a for-profit company incorporated under the laws of Kansas with its principal place of business in Kansas.

7. Defendant Garmin USA, Inc. is a for-profit company incorporated under the laws of Kansas with its principal place of business in Kansas.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as Plaintiffs are citizens of the State of Tennessee and Defendants are citizens of the State of Kansas meaning there is complete diversity in citizenship. Additionally, this case involves the wrongful death of Plaintiff Tabitha Marie Smith and loss of consortium claims from her surviving children making the amount in controversy in excess of $75,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Meigs County, Tennessee.

## FACTUAL ALLEGATIONS

### Blythe Ferry Lane

10. Blythe Ferry Lane is a rural two-lane road in Meigs County, Tennessee, before terminating into a boat launch at the Tennessee River.

11. There has never been a bridge at the location of the Blythe Ferry crossing.

12. The ferry stopped operating in the 1990s.

13. Just to the West of Blythe Ferry Lane, Highway 60 includes a bridge spanning the Tennessee River.

## The Incident

14. On February 14, 2024, at approximately 9:50 P.M. the Deceased was taken into custody by Meigs County Sheriff's Deputy, Robert Leonard.

15. None of the patrol vehicles in use by the Meigs County Sheriff's Department had internal GPS or navigation installed.

16. Thus, Deputy Leonard relied on a Garmin Drive 52 EX to assist him in navigating the 217 square miles of Meigs County.

17. The Garmin Drive 52 EX marketing told potential consumers that "[t]he Garmin Drive 52 navigator keeps you on track with easy-to-read maps, preloaded content and driver alerts to encourage safer driving."[1]

18. The Garmin 52 EX was manufactured and sold by Defendants.

19. Defendants knew that their navigation products would be used to navigate vehicles containing more than one person.

20. Deputy Leonard arrested the Deceased on the Highway 60 bridge over the Tennessee River.

---

[1] Garmin Drive™ 52 (February 24, 2023) *archived at* https://web.archive.org/web/20230224000859/https://www.garmin.com/en-US/p/612579.



Fig. 1: Google Map image showing highway 60 bridge and Blythe Ferry Lane.

21. Deputy Leonard left highway 60 with the Deceased in custody at approximately 9:58 P.M.

22. While driving the Deceased to the Meigs County Jail Deputy Leonard turned down Shadden Road and continued onto Blythe Ferry Lane.

23. Visibility was limited given the time of night and heavy fog that was present.

24. Deputy Leonard's Garmin device was active in his vehicle.

25. While he drove on Blythe Ferry Road with the Deceased, handcuffed and restrained in the back seat, Deputy Smith's Garmin GPS indicated that he was approaching a bridge over the Tennessee River.

26. However, the maps produced by Defendants for use in the Garmin used by Deputy Leonard showed the presence of a bridge that has never existed on Blythe Ferry Road. In fact, in

the past a vessel ferried motor vehicles across the Tennessee River. At the time of the events averred herein, no ferry operated and had not operated for years prior to the events.



Fig. 2: Map from Garmin BaseCamp with overlay of Robert Leonard's track on the night of Ms. Smith's death.

27. By the time Deputy Leonard could see the Tennessee River, it was too late for him to stop.

28. Deputy Leonard's patrol vehicle flew into the Tennessee River at high speed – with the Deceased still handcuffed in the back seat.

29. Both the Deceased and Deputy Leonard drowned in the Tennessee River.

30. the Deceased was later found still handcuffed in the back of Deputy Leonard's patrol vehicle.

31. The Deceased last moments were full of terror and pain as she realized she was hurdling toward the Tennessee River and she was unable to free herself from the sinking car and eventually drowned.

32. Plaintiffs Alexander Smith, JE, NR, and LC have lost their mother and her love, support, and companionship as a result of Defendants wrongful conduct.

33. Defendants knew or should have known that there is no bridge over the Tennessee River at Blythe Ferry.



Fig. 3: Image of map on Garmin inReach Explorer+ showing a hatched line across the Tennessee River to the East of the Highway 60 bridge.

34. As shown in Figure 3, maps on other, older Garmin devices do not show a bridge over the Tennessee River.

35. Deputy Leonard was relying on information provided to him by Defendants through the Garmin Drive 52 EX when he drove into the Tennessee River.

36. Defendants' erroneous depiction of an imaginary bridge was a cause of the Deceased's horrific death.

## COUNT I: Strict Liability

37. Plaintiffs reallege and reincorporate the preceding paragraphs as if fully restated herein.

38. Defendants created a map device sold as a navigation aid for driving.

39. Defendants supplied the maps for said device that were blatantly incorrect.

40. There *has never* been a bridge at the Blythe Ferry crossing.

41. Defendants were aware that the map utilized by Deputy Leonard was incorrect as other, older Garmin systems show the absence of a bridge.

42. Despite knowing of this defect, Defendants failed to properly manufacture and update the map Deputy Leonard was relying on when he drove into the Tennessee River.

43. The map supplied by Defendants for use in the Garmin Drive 52 EX was defective at the time it left Defendants' control because it showed a non-existent bridge.

44. The map supplied by Defendants for use in the Garmin Drive 52 EX was unreasonably dangerous as its intended use was for navigation and it showed a non-existent bridge over a river.

45. This defect was a cause of the ghastly and horrible death of the Deceased and the damages described more fully below.

## COUNT II: Negligence

46. Plaintiffs reallege and reincorporate the preceding paragraphs as if fully restated herein.

47. Defendants owed a duty to the occupants of Deputy Leonard's vehicle to take reasonable care to ensure the accuracy of their maps.

48. Given that there has never been a bridge at the Blythe Ferry crossing, Defendants failed to take reasonable steps to ensure the accuracy of their maps.

49. Defendant's negligence was a cause of the injuries complained of below.

### COUNT III: Gross Negligence

50. Plaintiffs reallege and reincorporate the preceding paragraphs as if fully restated herein.

51. Defendants owed a duty to Deputy Leonard and the occupants of his vehicle to take reasonable care to ensure the accuracy of their maps.

52. Given that there has never been a bridge at the Blythe Ferry crossing, Defendants were grossly negligent by publishing a map showing a bridge.

53. This defect was a cause of the grisly and horrible death of the Deceased and the damages described more fully below.

### Damages

54. The foregoing paragraphs are adopted and incorporated as if stated in full herein.

55. Plaintiffs have been damaged by the wrongful actions set forth herein as follows:

    a. Injury as to the Deceased;

  b.  Death as to the Deceased;

  c.  Emotional distress as the Deceased;

  d.  Fright, mortification and fear as to the Deceased;

  e.  Conscious pain and suffering prior to death as to the Deceased;

  f.  Injury as to all Plaintiffs;

  g.  Emotional distress as to all Plaintiffs;

  h.  Loss of consortium as to all Plaintiffs; and

  i.  Emotional distress as to all Plaintiffs.

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiffs request relief as follows:

[1]. An award of nominal, punitive, compensatory, and presumed damages for the Plaintiffs' state law claims in excess of **three million dollars**;

[2]. Pre-judgment and post judgment interest;

[3]. The right to conform the pleadings to the proof and evidence presented at trial; and

[4]. Such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to FED. R. CIV. P., Rule 38(b) on all issues so triable.

Respectfully submitted,

| | |
|---|---|
| By: /s/ Robin Ruben Flores | SUMMERS, RUFOLO & RODGERS, P.C.<br>By: /s/ Jeffery Rufolo |
| **ROBIN RUBEN FLORES**<br>**TENN. BPR #20751**<br>**GA. STATE BAR #200745**<br>Attorney for Plaintiff Nathan Smith<br>4110-A Brainerd Road<br>Chattanooga, TN  37411 | **TENN. BPR #15013**<br>Attorneys for Plaintiffs NR, JE and LC<br>735 Broad Street, Suite 800<br>Chattanooga, TN 37402<br>O: (423) 265-2385<br>jrufolo@summersfirm.com |

O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com


THOMAS & THOMAS, LLC

By: /s/ W. Neil Thomas
**W. NEIL THOMAS**
**TENN. BPR #004536**
**MICHAEL THOMAS**
**TENN. BPR #29423**
Attorneys for Plaintiff Nathan Smith
6148 Lee Highway, Suite 115
Chattanooga, TN 37421
O: (423) 910-9100
wnthomas@twtlawfirm.com




OLIVER BELL GROUP
Alyson Oliver
*pro hac vice pending
Attorney for NR, JE and LC
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
O: (248) 327-6556
F: (248) 416-3047
notifications@oliverlawgroup.com

~ 10 ~