UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (Deceased) (aka Tabatha Marie Colbaugh), by and through her surviving children NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH,<br><br>and<br><br>NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH, (individually),<br><br>Plaintiffs,<br><br>v.<br><br>GARMIN INTERNATIONAL, INC. and GARMIN USA, INC.,<br><br>Defendants. | CIVIL ACTION NO.1:25-CV-50<br><br>JURY DEMAND |

## ANSWER

Defendant Garmin International, Inc. ("Garmin International"), by counsel of record submits its Answer and Affirmative Defenses to the Complaint ("Complaint") filed in this matter.

1. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 1. To the extent a further response is required from Garmin International, the allegations are denied.

2. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 2. To the extent a further response is required from Garmin International, the allegations are denied.

3. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 3. To the extent a further response is required from Garmin International, the allegations are denied.

4. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 4. To the extent a further response is required from Garmin International, the allegations are denied.

5. The allegations contained in Paragraph 5 of the Complaint state legal conclusions to which no response is required. To the extent a further response is required from Garmin International, the allegations are denied.

6. Garmin International admits the allegations in Paragraph 6 of the Complaint.

7. Garmin International admits the allegations in Paragraph 7 of the Complaint.

8. The allegations contained in Paragraph 8 of the Complaint state legal conclusions to which no response is required. Garmin International does not object to the Court's exercise of subject matter jurisdiction in this case.

9. The allegations contained in Paragraph 9 of the Complaint state legal conclusions to which no response is required. Garmin International does not object to this case being litigated in this venue.

10. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 10. To the extent a further response is required from Garmin International, the allegations are denied.

11. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 11. To the extent a further response is required from Garmin International, the allegations are denied.

12. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 12. To the extent a further response is required from Garmin International, the allegations are denied.

13. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 13. To the extent a further response is required from Garmin International, the allegations are denied.

14. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 14. To the extent a further response is required from Garmin International, the allegations are denied.

15. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 15. To the extent a further response is required from Garmin International, the allegations are denied.

16. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 16. To the extent a further response is required from Garmin International, the allegations are denied.

17. Garmin International denies the allegations in Paragraph 17 of the Complaint.

18. Garmin International denies the allegations in Paragraph 18 of the Complaint.

19. Garmin International admits that certain automotive GPS navigation devices may be used in connection with vehicles occupied by more than one person. Except as admitted herein, Garmin International denies the allegations in Paragraph 19 of the Complaint.

20. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 20 including the purported Google Map image shown in "Fig. 1" of the Complaint. To the extent a further response is required from Garmin International, the allegations are denied.

21. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 21. To the extent a further response is required from Garmin International, the allegations are denied.

22. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 22. To the extent a further response is required from Garmin International, the allegations are denied.

23. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 23. To the extent a further response is required from Garmin International, the allegations are denied.

24. Garmin International objects to the allegations contained in Paragraph 24 of the Complaint as the term "active" is undefined and capable of multiple meanings. Except as admitted herein, Garmin International denies the allegations in Paragraph 24 of the Complaint.

25. Garmin International denies the allegations in Paragraph 25 of the Complaint.

26. Garmin International denies the allegations in the first sentence of Paragraph 26 of the Complaint. Garmin International lacks sufficient information to admit or deny the allegations in the second and third sentences in Paragraph 26. To the extent a further response is required from Garmin International, the allegations are denied. Garmin International specifically denies that the image shown in "Fig. 2" of the Complaint depicts a map from the Garmin 52 EX device discovered in the patrol car involved in the accident.

27. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 27. To the extent a further response is required from Garmin International, the allegations are denied.

28. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 28. To the extent a further response is required from Garmin International, the allegations are denied.

29. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 29. To the extent a further response is required from Garmin International, the allegations are denied.

30. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 30. To the extent a further response is required from Garmin International, the allegations are denied.

31. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 31. To the extent a further response is required from Garmin International, the allegations are denied.

32. Garmin International denies the allegations in Paragraph 32 of the Complaint.

33. Garmin International admits that the cartography contained on the Garmin 52 EX device discovered in the patrol car involved in the accident did not show a bridge over the Tennessee River at the end of Blythe Ferry Lane. Except as admitted herein, Garmin International denies the allegations contained in Paragraph 33 of the Complaint.

34. Garmin International admits that the image of the map shown in "Fig 3" of the Complaint purportedly from a Garmin inReach Explorer+ does not show a bridge over the Tennessee River at the end of Blythe Ferry Lane as alleged in Paragraph 34 of the Complaint. Garmin International objects to the remainder of the allegations in Paragraph 34 of the Complaint as vague but admits that the other Garmin devices, including the Garmin 52 EX device discovered in the patrol car involved in the accident, also do not show a bridge over the Tennessee River at

the end of Blythe Ferry Lane. Except as admitted herein, Garmin International denies the allegations contained in Paragraph 34 of the Complaint.

35. Garmin International denies the allegations in Paragraph 35 of the Complaint.

36. Garmin International denies the allegations in Paragraph 36 of the Complaint.

37. Defendant adopts and incorporates its previous responses as if restated in its entirety in response to Paragraph 37 of the Complaint.

38. Garmin International admits that it designed the Garmin 52 EX device discovered in the patrol car involved in the accident and that the Garmin 52 EX device can be used as an automotive GPS navigation device. Except as admitted herein, Garmin International denies the allegations in Paragraph 38 of the Complaint.

39. Garmin International denies the allegations in Paragraph 39 of the Complaint.

40. Garmin International lacks sufficient information to admit or deny the allegations in Paragraph 40. To the extent a further response is required from Garmin International, the allegations are denied.

41. Garmin International denies the allegations in Paragraph 41 of the Complaint.

42. Garmin International denies the allegations in Paragraph 42 of the Complaint.

43. Garmin International denies the allegations in Paragraph 43 of the Complaint.

44. Garmin International denies the allegations in Paragraph 44 of the Complaint.

45. Garmin International denies the allegations in Paragraph 45 of the Complaint.

46. Defendant adopts and incorporates its previous responses as if restated in its entirety in response to Paragraph 46 of the Complaint.

47. The allegations contained in Paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Garmin International denies the allegations contained in Paragraph 47 of the Complaint.

48. The allegations contained in Paragraph 48 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Garmin International denies the allegations contained in Paragraph 48 of the Complaint. Specifically, Garmin International denies that the Garmin 52 EX device discovered in the patrol car involved in the accident shows a bridge over the Tennessee River at the end of Blythe Ferry Lane.

49. The allegations contained in Paragraph 49 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Garmin International denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant adopts and incorporates its previous responses as if restated in its entirety in response to Paragraph 50 of the Complaint.

51. The allegations contained in Paragraph 51 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Garmin International denies the allegations contained in Paragraph 51 of the Complaint.

52. The allegations contained in Paragraph 52 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Garmin International denies the allegations contained in Paragraph 52 of the Complaint. Specifically, Garmin International denies the Garmin 52 EX device discovered in the patrol car involved in the accident shows a bridge over the Tennessee River at the end of Blythe Ferry Lane.

53. The allegations contained in Paragraph 53 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Garmin International denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant adopts and incorporates its previous responses as if restated in its entirety in response to Paragraph 54 of the Complaint.

55. Garmin International denies the allegations in Paragraph 55, including all subparagraphs of Paragraph 55 of the Complaint.

56. Garmin International denies that Plaintiffs are entitled to any of the relief requested under the paragraph entitled "Relief Requested," or to any relief at all.

57. Any allegations contained in Plaintiffs' Complaint not herein admitted, denied or controverted are hereby denied and strict proof is demanded thereof.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, by any applicable statute of limitations to the extent that Plaintiffs rely on acts or omissions that occurred outside of the applicable limitations period.

3. If the Plaintiffs were damaged, as alleged, which is specifically denied, then such damages were the sole and proximate result of the negligence of a third person or persons for which Garmin International is not liable.

4. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' injuries or damages were proximately caused or contributed to by the negligence or wrongful conduct of others, including but not limited to any third-party brought to this action by subsequent pleadings, over whom Garmin International had no right, duty, or obligation to control, or otherwise resulting from some independent cause, phenomenon, or misadventure beyond the control of Garmin International and for which Garmin International is not liable.

5. Plaintiffs' alleged claims are barred, in full or in part, by the doctrine of waiver, estoppel, and/or laches.

6. Garmin International denies that any warranties, either express or implied, exist between them and the Plaintiffs.

7. Plaintiffs' claims are barred, in whole or in part, by the doctrines of intervening and/or superseding clause.

8. Garmin International pleads that to the extent it sold any product that was the cause of the injuries and damages alleged in the Complaint (which is specifically denied), Garmin International did not alter or modify, or abuse said product and, therefore, is relieved of any liability.

9. Plaintiffs' claims are barred, in whole or in part, by lack of privity.

10. Plaintiffs' claims may be barred, in whole or in part, because there may be indispensable parties that have not been added or named in this action.

11. Plaintiffs' claims may be barred, in whole or in part, on grounds that the Garmin 52 EX device was state of the art, and/or Plaintiffs' claims are otherwise precluded under Tenn. Code Ann. § 29-28-105.

12. To the extent applicable, under the facts developed in discovery and in order not to waive them, Garmin International asserts and relies on all the affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure, which the evidence may support, as if such defenses appeared verbatim herein.

**WHEREFORE**, having fully answered Plaintiffs' Complaint, Garmin International respectfully requests that Plaintiffs' claims against it be dismissed with prejudice, the costs of this action be taxed against Plaintiffs, and that Garmin International recover its costs expended in defending this action, to the extent allowable by this Court.

Respectfully submitted,

*/s/ Ann Weber Langley*

Ann Weber Langley   (BPR # 038070)
**WYATT, TARRANT & COMBS, LLP**
333 Commerce Street, Suite 1050
Nashville, TN  37201
(615) 244-0020  /  Facsimile (615) 256-1726
alangley@wyattfirm.com

Donald J. Kelly (*pro hac vice forthcoming*)
**WYATT, TARRANT & COMBS, LLP**
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235 / Facsimile (502) 589-0309
dkelly@wyattfirm.com

*Counsel for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically upon the following via the Court's ECF system on this the 7th day of April, 2025:

Robin R. Flores
**FLORES LAW OFFICE**
4110 Brainerd Road, Suite A
Chattanooga, TN 37411
robin@robinfloreslaw.com
*Attorneys for Plaintiff Nathan Smith*

W. Neil Thomas, III
Michael Mason Thomas
**THOMAS & THOMAS**
6148 Lee Highway, Suite 1115
Chattanooga TN 37363
wntthomas@twtlawfirm.com
mthomas@twtlawfirm.com
*Attorneys for Plaintiff Nathan Smith*

Jeffrey W. Rufolo
**SUMMERS, RUFOLO & RODGERS, P.C.**
735 Broad Street, Suite 800
Chattanooga TN 37402
jrufolo@summersfirm.com
*Attorneys for Plaintiffs NR, JE and LC*

Alyson Oliver
**OLIVER BELL GROUP**
50 W. Big Beaver Road, Suite 200
Troy, Michigan 48084
Notifications@oliverlawgroup.com
aoliver@oliverlawgroup.com
*Attorneys for Plaintiffs NR, JE and LC*

*/s/ Ann Weber Langley*

101885395.1