| | |
|---|---|
| TABITHA MARIE SMITH (Deceased) §<br>(aka Tabatha Marie Colbaugh), §<br>by and through her surviving children §<br>NATHAN ALEXANDER SMITH, §<br>JE through next friend JH, §<br>NR through next friend SR, and §<br>LC through next friend EH, §<br>§<br>and §<br>§<br>NATHAN ALEXANDER SMITH, §<br>NR through next friend SR, §<br>JE through next friend JH, §<br>and §<br>LC through next friend EH, §<br>(individually), §<br>§<br>        *Plaintiffs,* §<br>§<br>~V~ §<br>§<br>GARMIN INTERNATIONAL, INC. §<br>§<br>§<br>        *Defendant.* § | No1:25-CV-00050<br><br>JURY DEMANDED |

## JOINT RULE 26(f) REPORT AND DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f), Plaintiffs and Defendant hereby jointly submit this Rule 26(f) report and discovery plan. The Parties met and conferred on May 7, 2025.

## PARTIES

Plaintiffs: TABITHA MARIE SMITH (Deceased)(aka Tabatha Marie Colbaugh), by and through her surviving children, NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH.

Defendant: GARMIN INTERNATIONAL, INC.

In attendance at the parties' Rule 26(f) conference were:

For the Plaintiffs: Alyson Oliver, Robin Flores, Matthew Thomas, and Paul Matouka.

For the Defendant: Don Kelly and Ann Langley

**STATEMENT OF THE CASE**

**Summary of the Plaintiffs' Claims**:

This is a product liability action seeking damages for the death of Tabitha Marie Smith after a Meigs' County Sheriff's deputy, non-party Robert Leonard, relying on his Garmin GPS device (a Garmin Drive 52 EX) drove his car into the Tennessee River while she was handcuffed in the backseat. Both Ms. Smith and Mr. Leonard drowned. During the subsequent investigation into the incident, maps created and/or maintained by Defendant were identified showing a bridge over the Tennessee River at the location where Ms. Smith died. There has *never* been a bridge at that location. Defendant's failure to ensure that its maps were accurate amounts to negligence and/or gross negligence. Defendant is also strictly liable for injuries caused by their products.

The Court's jurisdiction is based on diversity as the Defendant does not reside in the same State as Plaintiffs and the amount in controversy exceeds $75,000.

**Summary of the Defendant's Defenses**:

Defendant denies the Plaintiffs' version of events, denies that it owed any duty to Plaintiffs, and also denies any liability. More specifically, the Garmin Personal Navigation Device ("PND") at issue does not show a bridge over the Tennessee River at the location where Ms. Smith and non-party Robert Leonard drowned. The PND did not and will not display a route from the US 60 bridge to the Meigs County jail that purports to cross the river at the end of Blythe Ferry Road. Further, there is no evidence that Deputy Leonard was using the PND at the time of the incident,

that he was relying upon the PND for directions, or that his use of the PND resulted in the alleged injuries.

Although Defendant disputes liability for Plaintiffs' alleged damages, Defendant agrees that this Court has jurisdiction on grounds that the amount in controversy exceeds $75,000 and that the Defendant does not reside in the same state as any Plaintiff.

**Summary of Factual Stipulations or Agreements**:

**Factual Stipulations:**

- Decedent Tabitha Marie Smith drowned in the back of a Meigs' County Sheriff's Department vehicle at, or near, the Blythe Ferry Road Boat Launch in Meigs County Tennessee on February 14, 2024.

**Agreement Related to Discovery:**

The Parties agree that discovery in this case should proceed with an initial period for expert analysis of the PND to establish potentially dispositive facts prior to full discovery. Specifically, whether the PND at issue in this case indicated the presence of a bridge across the Tennessee River at the site of the incident and its status immediately preceding the incident. The Parties agree that a period of sixty days shall be sufficient for this purpose.

**Statement of Jury Demand**:

Plaintiffs have demanded a jury trial.

**SETTLEMENT AND ADR**

There have been no settlement discussions in this matter.

**INITIAL DISCLOSURES**

The Parties agree that no changes need to be made to the timing, form, or requirement for initial disclosures under Rule 26(a)(1).

**SUBJECTS FOR DISCOVERY**

1. Inspection and examination of Officer Leonard's vehicle, cell phone and personal navigational device.

2. Records related to the creation and maintenance of maps supplied for Garmin Drive 52 EX devices.

3. Reports, investigations, and/or complaints concerning the accuracy of the maps supplied for Garmin Drive 52 EX devices.

4. Depositions of certain employees of Defendant responsible for creating, maintaining, or proofing maps released by Defendant for use in Garmin Drive 52 EX devices.

5. Maintenance records regarding the vehicle in use at the time of the incident.

6. Depositions of individuals involved in the investigations of the accident.

7. Depositions of all individuals who may have relevant information regarding the discovery topics or any fact that may lead to relevant evidence in this case.

8. Autopsy of Tabitha Marie Smith.

9. Defendant seeks unrestricted text and Facebook messages between members of the Decedent's families. Plaintiffs object to unrestricted access to text and Facebook messages between members of Decedent Tabitha Smith's family as it would involve significant personal and irrelevant discussions and has no temporal limitation. Plaintiffs agree

however, that Defendants are entitled to discovery into non-privileged and relevant communications subject to the limitations of Fed. R. Civ. P. 26(b). Plaintiffs expressly reserve the right to object to discovery requests where appropriate.

10. Defendant seeks unrestricted depositions of members of Decedent's family.

11. Deposition of Deputy Leonard's widow.

12. Depositions of Meigs County Sheriff Department employees.

13. Prior criminal records of the Decedent and any Plaintiff.

14. The parties reserve the right to pursue discovery on other issues as permitted under the Federal Rules of Civil Procedure and this Court's Local Rules.

**DISCOVERY DEADLINES**

In light of the Parties' agreement concerning early limited discovery, the Parties propose the following discovery schedule:

- June 11, 2025 – Deadline for exchange of initial disclosures.
- August 5, 2025 – Deadline for inspection of the Garmin Drive 52 EX at issue in this matter.

In the event the case is not resolved during the early discovery period, the following dates are proposed for general discovery:

- Deadline for exchange of preliminary witness lists – January 30, 2026.
- April 17, 2026 – Close of fact discovery.
- May 15, 2026 – close of expert discovery.

**EXPERT DISCOVERY**

The Parties propose the following schedule for expert discovery:

1. Plaintiffs anticipate calling experts in the fields of engineering, mapping, and data analysis. Defendant anticipates calling experts in the fields identified by plaintiffs and any other areas that they deem necessary based on the information learned during fact discovery.

2. The parties agree on an expert schedule:

    a. Plaintiffs' liability expert reports on or before November 30, 2025

    b. Rebuttal liability expert reports on or before February 20, 2026

    c. Depositions of Plaintiffs' liability expert witnesses on or before January 16, 2026

    d. Depositions of rebuttal liability expert witnesses on or before March 20, 2026

    e. Disclosure of Plaintiffs' damage experts on or before March 20, 2026

    f. Disclosure of Defendant's damage experts on or before April 17, 2026

    g. Depositions of damage experts on or before May 15, 2026.

**ELECTRONICALLY STORED INFORMATION (ESI)**

The parties have discussed the preservation, collection, and production of ESI, including the form in which it should be produced. The parties agree that ESI will be produced in its native format where reasonably possible. The parties have not identified any issues at this time with preserving information. Each party shall bear their own expenses for collecting, processing and producing ESI. The Parties shall work together to generate a list of search terms and phrases to be

used for searching for ESI potentially responsive to the Parties respective discovery requests. Those search terms can be used to identify potentially responsive ESI where reasonably possible and appropriate. The Parties shall also work to identify the timeframe of relevant ESI as it relates to Defendant's maps, mapping software, and firmware for Defendant's Garmin Drive 52 EX devices. Defendant will request a Protective Order prior to producing its records.

**MOTIONS**

1. The Parties propose the following schedule for motion practice:

    (a) All motions to join parties must be filed on or before August 15, 2025;

    (b) All motions to amend pleadings must be filed on or before September 15, 2025;

    (c) All discovery motions must be filed on or before April 15, 2026;

    (d) All dispositive motions must be filed on or before June 15, 2026;

    (e) All Expert witness and Daubert motions must be filed on or before June 15, 2026.

**PRETRIAL EXCHANGES**

All trial exhibits, witness lists, and deposition testimony to be used at trial must be exchanged thirty days before the pre-trial conference. Responses or oppositions to these submissions must be exchanged ten days before the pre-trial conference.

All trial motions in limine must be filed on or before July 15, 2026. Responses and/or oppositions must be filed on or before August 3, 2026.

**TRIAL**

Plaintiffs believe that the parties will be ready for jury trial on November 2, 2026, and that trial is expected to last 5 days. The parties request a pretrial conference prior to trial.

Respectfully submitted this 19th day of May, 2025,

By: /s/ *Robin Ruben Flores*
**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Plaintiff Nathan Smith
4110-A Brainerd Road
Chattanooga, TN  37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com

THOMAS & THOMAS, LLC

By: /s/ *W. Neil Thomas*
**W. NEIL THOMAS**
**TENN. BPR #004536**
**MICHAEL THOMAS**
**TENN. BPR #29423**
Attorneys for Plaintiff Nathan Smith
6148 Lee Highway, Suite 115
Chattanooga, TN  37421
O: (423) 910-9100
F: (423) 356-3082
wnthomas@twtlawfirm.com

/s/ *Donald J. Kelly*
Ann Weber Langley (BPR # 038070)
**Wyatt, Tarrant & Combs, LLP**
333 Commerce Street, Suite 1050
Nashville, TN  37201
(615) 244-0020 / Facsimile (615) 256-1726
alangley@wyattfirm.com

Donald J. Kelly (Pro Hac Vice)
**Wyatt, Tarrant & Combs, LLP**
400 West Market Street, Suite 2000
Louisville, KY  40202
(502) 589-5235 / Facsimile (502) 589-0309
dkelly@wyattfirm.com

*Counsel for Defendant*

/s/ *Alyson Oliver*
**OLIVER BELL GROUP**
***admitted pro hac vice**
**Attorney for NR, JE and LC**
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
O: (248) 327-6556
F: (248) 416-3047

SUMMERS, RUFOLO & RODGERS, P.C.

By: /s/ *Jeffery Rufolo*
**TENN. BPR #15013**
Attorneys for Plaintiffs NR, JE and LC
735 Broad Street, Suite 800
Chattanooga, TN 37402
O: (423) 265-2385
jrufolo@summersfirm.com