# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (Deceased) ) <br> (aka Tabatha Marie Colbaugh), ) <br> by and through her surviving children ) <br> NATHAN ALEXANDER SMITH, ) <br> JE through next friend JH, ) <br> NR through next friend SR, and ) <br> LC through next friend EH, ) <br> ) <br> and ) <br> ) <br> NATHAN ALEXANDER SMITH, ) <br> JE through next friend JH, ) <br> NR through next friend SR, ) <br> and LC through next friend EH, ) <br> (individually), ) <br>         *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> GARMIN INTERNATIONAL, INC. ) <br>         *Defendant.* ) | No1:25-cv-00050-DCLC-CHS <br><br> JURY DEMAND |

## AGREED PROTECTIVE ORDER

This matter is before the Court upon the parties' Joint Motion for Protective Order [Doc. 26]. In support of this motion, the parties rely upon Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 26.2 of the U.S. District Court for the Eastern District of Tennessee, and Paragraph 4(d) of the Court's Scheduling Order [Doc. 25]. By agreement of the parties and for good cause shown, it is hereby **ORDERED** that the Joint Motion for Protective Order [Doc. 26] is **GRANTED** and the following provisions will apply to discovery in this case:

    1.    This Agreed Protective Order ("Protective Order") shall govern the handling of Confidential Discovery Material, as defined below, produced by any party or non-party in this litigation.

2. The following definitions shall apply to this Protective Order:

    a. "Qualified Person(s)" shall mean and refer to:

        i. Counsel of record for each party, including associated, general, or in-house counsel, and the clerical or other support staff of such counsel who assist in the conduct of this litigation, including employees of any firm retained to reproduce Confidential Discovery Material;

        ii. Experts or consultants retained by counsel for the purpose of providing expert testimony or expert assistance in this litigation;

        iii. The individual parties and the corporate Defendant's officers, directors, or employees whom counsel for Defendant deems necessary to participate in the conduct of this litigation;

        iv. The corporate Defendant's officers, directors, or employees who are noticed for deposition or designated as trial witnesses and other persons whom counsel for a party in good faith believes may be fact or expert witnesses to the extent deemed necessary by counsel to prepare the witness to testify;

        v. Deponents and their counsel during the course of depositions taken in this action;

        vi. Court reporters and persons preparing transcripts of depositions, pretrial hearing, trial, or other proceedings held in connection with this litigation;

        vii. The Court and Court personnel, including any appellate court that has cause to hear any appeal of this litigation, or any ruling of this Court;

        viii. Any mediator who is engaged to assist the parties in settlement negotiations on a confidential basis; and

ix. Other persons upon order of the Court, or written agreement by the person or entity that produced or disclosed the Confidential Discovery Material.

b. "Confidential Discovery Material" shall mean and refer to documents, or parts thereof, which counsel for the producing person or entity in good faith believes contains or discloses (i) protected health information, including information governed by the Health Insurance Portability and Accountability Act ("HIPAA"); (ii) Defendant's trade secret or other confidential research, development, or commercial information, or otherwise proprietary business information; (iii) private and/or sensitive information concerning Defendant's current or former employees; (iv) medical information; (v) financial information; (vi) information classified as trade secret; and (vii) any other information that is maintained by the producing party on a confidential basis, provided that the producing party has a legitimate interest in maintaining the confidentiality/privacy of said information.

3. Any party or non-party producing Confidential Discovery Material must designate such discovery material as Confidential, by marking it "CONFIDENTIAL" in bold or conspicuous lettering. Prior to marking any discovery material "CONFIDENTIAL," counsel for the producing party or non-party must make a good faith determination that the material contains Confidential Discovery Material.

4. The following manner of designating shall apply to documents, discovery responses, and physical objects designated as "CONFIDENTIAL": All Discovery Material containing Confidential Information shall be marked, by the producing party, at the time that copies are produced, with the legend "CONFIDENTIAL" on the face of the Discovery Material and on each page or portion of Discovery Material so designated but such marking shall not

obscure any text or content of the Discovery Material. All Discovery Material in the form of native documents containing Confidential Information shall be marked by i) appending the legend "CONFIDENTIAL" to the native file names, or ii) including the "CONFIDENTIAL" legend on the face of a bates-stamped slip-sheet corresponding to the native file. Failure to designate such Discovery Material at the time of production will not preclude a producing party from subsequently designating such material, as provided in this Protective Order

     5.     The following manner of designating shall apply to testimony designated as "CONFIDENTIAL."

          a.     Testimony at a hearing or deposition that counsel for the producing party reasonably believes may be designated as CONFIDENTIAL may be so designated by such counsel by making a statement to that effect on the record at the hearing or deposition and indicating which particular portion of the testimony is Confidential and is subject to the provisions of this Order. If testimony at a hearing or deposition is so designated in advance, then only those persons who may have access to such Confidential Information, under the terms of this Order, may be in attendance to hear that testimony.

          b.     After the disclosing party receives the transcript of the deposition or hearing, the disclosing person shall have 30 days, from the date of receipt, to correct any mis-designations and make any additional designations by page and line number. Counsel for the disclosing party shall notify the court reporter and receiving parties within such 30-day period of such corrections or additional designations. Prior to the expiration of the 30-day period, counsel for each receiving party shall retain and treat any non-designated portions of any transcript as Confidential Information unless

4

otherwise specified in writing or on the record of the deposition by the disclosing party (except that the witness deposed may be furnished with a copy of his or her transcript). For the avoidance of doubt, Discovery Material previously designated as "CONFIDENTIAL", and used as an exhibit, shall retain its existing confidentiality designation unless that designation is expressly withdrawn by the disclosing party or removed by the Court.

6. Confidential Discovery Material shall be used solely for the purposes of the prosecution and/or defense of this litigation and shall be disclosed only to Qualified Persons, except as provided by court order or by written agreement of counsel for the party that disclosed the material. Confidential Discovery Material shall not be used for any business, commercial, competitive, personal, or other purpose; and shall not be publicly disseminated other than in filings on the Court's docket in accordance with the Protective Order.

7. With respect to the production of protected health information ("PHI") in this case, the parties agree, and the Court orders, pursuant to 45 C.F.R. § 164.512(e)(1)(v), that (a) the parties shall not use or disclose PHI for any purpose other than the litigation for which such information was requested; and (b) that the nonproducing party shall return any PHI to the HIPAA covered entity or destroy the PHI (including all copies made) at the end of the litigation.

8. In the event that the nonproducing party seeks to file Confidential Discovery Material with the Court, that party will advise the party which produced the discovery documents in question sufficiently in advance of the intended filing to give the producing party an opportunity to seek a court order which requires filing those documents under seal provided that such documents meet the sealing standards set forth in the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 12].

9. Nothing herein contained shall be construed to preclude or limit any party from opposing any discovery on any grounds that would otherwise be available. This Protective Order shall not, in and of itself, prejudice any contention of any party upon any motion, nor shall this Protective Order constitute a waiver of any right to seek relief from the Court from any provisions hereof or other modifications of the terms hereof. This Protective Order shall not limit any party's right to seek judicial review or to seek further and additional protection against or limitation upon production or dissemination of information and documents or their contents.

10. If any party objects to the designation of any discovery material as confidential, the objecting party shall make a good faith attempt to resolve the dispute with the designating party. If the parties are unable to resolve the dispute, the objecting and the designating party shall file an appropriate motion. Until the Court has made its determination, the parties shall treat the challenged discovery material as confidential.

11. The termination of this action shall not relieve Qualified Persons from the obligation of maintaining the confidentiality of all Confidential Discovery Material produced and designated pursuant to this Confidentiality Order, unless the Court orders or permits otherwise. Within 90 days of the final termination of this action, each Qualified Person who has received Confidential Discovery Material shall destroy, or arrange for counsel to destroy, such discovery materials. Qualified Persons shall not be required to return or destroy any documents containing any work product or any documents otherwise filed with the Court provided such documents continue to be maintained in accordance with this Protective Order.

12. Counsel for the parties must confer before the trial or any pre-trial hearing in this litigation in an effort to agree upon a procedure to ensure the continuing confidentiality of

Confidential Discovery Materials. However, in the event an agreement is not reached, the issue may be submitted to the Court by motion, upon notice to counsel for the parties.

13. Nothing in this Order shall prohibit a disclosing party from using his, her or its own Confidential Information in his, her or its business, or from disclosing such documents or information to his, her or its own employees. Moreover, nothing in this Order shall prohibit disclosure to the author or copy recipient of any document containing Confidential Information.

14. The inadvertent or unintentional disclosure of any Confidential Discovery Material by any party shall not be construed to be a waiver, in whole or in part, of the party's claims of confidentiality either as to the specific Confidential Discovery Material disclosed or as to any other related information.

15. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must notify all counsel of record of the fact of disclosure within 24 hours. No less than 48 hours after the unauthorized disclosure, the party responsible for the disclosure must provide, to every disclosing party whose Confidential Information was or reasonably might have been included in the unauthorized disclosure, a written statement describing all pertinent facts relating to such disclosure. The party responsible for the disclosure shall take reasonable efforts to retrieve the Confidential Information and prevent further disclosure of the Confidential Information by it or by the person who was the recipient of such Confidential Information, including requesting that the person sign the "Agreement to Be Bound by Protective Order" (Exhibit A).

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

7

Case 1:25-cv-00050-DCLC-CHS   Document 27   Filed 08/22/25   Page 7 of 8   PageID #: 108

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA

| | | |
|---|---|---|
| TABITHA MARIE SMITH, *et al.* | ) | |
|     Plaintiffs, | ) | No1:25-cv-00050-DCLC-CHS |
| | ) | |
| v. | ) | |
| | ) | |
| GARMIN INTERNATIONAL, INC. | ) | |
|     *Defendant*. | ) | |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    I have been informed that on August 22, 2025, the Court entered a protective order in the litigation captioned *Smith, et al., v. Garmin International, Inc.*, Civil Action No. 1:25-cv-00050 (the "Protective Order"), in the United States District Court, Eastern District of Tennessee. I have read the Protective Order and agree to abide by the obligations of the Protective Order as they apply to me. I acknowledge and agree that under Paragraph 6 of the Protective Order, any Discovery Material disclosed to me in this action may be used solely for the preparation for, litigation of, and presentation of claims or defenses in this action; shall not be used for any business, commercial, competitive, personal, or other purpose; and shall not be publicly disseminated other than in filings on the Court's docket in accordance with the Protective Order. I voluntarily submit to the jurisdiction of the United States District Court for the Eastern District of Tennessee for purposes of any proceeding related to my compliance with the Protective Order, including my receipt or review of Discovery Material that has been designated as "CONFIDENTIAL."

                                                                                               _____

                                                                                               (Signature)

                                                                           (Printed Name)

                                                                     (Title or Position)

                                                                             (Company)

Dated: _____