UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (deceased) (aka Tabatha Marie Colbaugh), by and through her surviving children NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH, <br><br> and <br><br> NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH (individually), <br><br>    Plaintiffs, <br> v. <br><br> GARMIN INTERNATIONAL, INC, <br><br>    Defendant. | No. 1:25-CV-00050-7-DCLC-CHS |

**PLAINTIFFS' MOTION FOR FORENSIC EXAMINATION PURSUANT TO PROPOSED INSPECTION PROTOCOL**

NOW COME PLAINTIFFS, by and through their respective counsel, hereby moves this Honorable Court for the entry of an Order directing a forensic inspection of a GPS device at the core of this case pursuant to Plaintiffs' proposed inspection protocol and would show the Court the following:

1. All Parties in this case agree that a forensic examination of the Garmin Drive EX 52 at issue in this case is necessary.

2. Over the past months, the Parties have conducted numerous meetings attempting to establish an agreed upon inspection protocol.

3. Despite significant effort, the Parties have been unable to agree on a mutually acceptable inspection protocol for the Garmin Drive EX 52.

1

4. Plaintiffs propose an inspection protocol with greatest likelihood of success in obtaining an accurate and complete forensic imaging of the Garmin Drive EX 52 while mitigating the potential for damaging the device or losing, damaging, or otherwise altering the data found on the device.

5. Plaintiffs' proposed inspection protocol was developed by their expert, Robert Draper emphasizes reliability and avoiding damage to the system and/or data.

WHEREFORE, the Plaintiff requests that this Honorable Court enter an order adopting the forensic examination protocols referenced in this motion.

Respectfully submitted,

By: /s/ Robin Ruben Flores
**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Plaintiff Nathan Smith
4110-A Brainerd Road
Chattanooga, TN 37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com

/s/ Alyson Oliver
**OLIVER BELL GROUP**
***admitted pro hac vice**
**Attorney for NR, JE and LC**
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
O: (248) 327-6556
F: (248) 416-3047
notifications@oliverlawgroup.com

THOMAS & THOMAS, LLC

By: /s/ W. Neil Thomas
**W. NEIL THOMAS**
**TENN. BPR #004536**
**MICHAEL THOMAS**
**TENN. BPR #29423**
Attorneys for Plaintiff Nathan Smith
6148 Lee Highway, Suite 115
Chattanooga, TN 37421
O: (423) 910-9100
F: (423) 356-3082
wnthomas@twtlawfirm.com

SUMMERS, RUFOLO & RODGERS, P.C.

By: /s/ Jeffery Rufolo
**TENN. BPR #15013**
Attorneys for Plaintiffs NR, JE and LC
735 Broad Street, Suite 800
Chattanooga, TN 37402
O: (423) 265-2385
jrufolo@summersfirm.com

Dated: December 8, 2025.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TABITHA MARIE SMITH (deceased) (aka Tabatha Marie Colbaugh), by and through her surviving children NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH, <br><br> and <br><br> NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH (individually), <br><br>     Plaintiffs, <br> v. <br><br> GARMIN INTERNATIONAL, INC, <br><br>     Defendant. | No. 1:25-CV-00050-7-DCLC-CHS |

**Brief In Support of Plaintiff's Motion for Forensic Examination**

The Defendants in this matter are Garmin Internation Incorporated, developers and sellers of a dizzying array of computer electronics from smartwatches to navigational instruments for airplanes. In this matter the Plaintiff alleges that they manufactured and sold a defective Garmin device to one Officer Robert Leonard, newly assigned to the Meigs' County Sherriff's Department who used the device as a GPS for his patrol car. The Plaintiff further alleges that late on the night of February 14, 2024 the device erroneously directed him to cross a non-existent bridge over the Tennessee River resulting in the untimely deaths of both himself and his passenger, Plaintiff Tabitha Smith.

This device, a Garmin Drive 52 EX (hereinafter "the Device"), is alleged to have shown a bridge at the location of the Blythe Ferry crossing where none so existed. (ECF No. 1, PageID.4–5). Upon information and belief, the Device is still within the possession of the Meigs County

1

Sherriff's Department. The Parties agree that the Device must be inspected by experts in order to determine the veracity of their respective claims and defenses.

The parties have conferred many times, but as of the date of this motion still disagree on the method by which a forensic examination of the Device should be conducted. Thus, Plaintiffs request this Court adopt the proposed forensic examination protocol ("the Protocol") attached here as **Exhibit A, Attachment 1**, to govern the forensic examination of the device. The Protocol addresses all steps necessary to complete a forensic examination of the Device and seeks to utilize the most reliable and least risky methods to obtain an exact image of the relevant data.

I.   **Legal Standard**

While "not uncommon in the course of civil discovery", forensic imaging can be an invasive form of discovery that is not always warranted. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). Most of the relevant caselaw identified by Plaintiffs involve circumstances where one of the parties is resisting forensic examination of electronic devices. *See, e.g.*, *John B. v. Goetz*, 531 F.3d 448, 459–461 (6th Cir. 2008); *Consol. Indus, LLC v. Maupin*, No. 1:22-cv-1230, 2023 U.S. Dist. LEXIS 222194, at *4–7 (W.D. Tenn. Aug. 29, 2023); *Tenpenny v. Prime Now, LLC*, No. 3:19-cv-420, 2020 U.S. Dist. LEXIS 261578, at *3–12 (M.D. Tenn. Jan. 8, 2020). The specific caselaw concerning forensic imaging of electronically stored information largely relies on the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1), with a particular focus on proportionality, and Rule 26(c) which authorizes courts to limit the scope of discovery to protect persons from "annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed. R. Civ. P. 26(c). *See Tenpenny v. Prime Now, LLC*, No. 3:19-cv-420, 2020 U.S. Dist. LEXIS 261578, at *3–12 (M.D. Tenn. Jan. 8, 2020) (ruling on a motion for a protective order challenging a forensic examination of a party's cell phone).

2

This motion avoids some of the common issues presented in other motions seeking a forensic examination as the Parties *agree* that a forensic examination is necessary. What the Parties do *not* agree on is the protocol that will govern that forensic inspection. The limited issues presented in this motion also pose a bit of a procedural catch-22, as normally, a motion seeking to establish a specific inspection protocol would arise within the context of a pending discovery request and either a motion to compel or motion for a protective order. However, considerations in this case militate for a resolution of this dispute prior to the issuance of a subpoena for inspection. First, the Device itself is effectively *the* key evidence in the matter. Second, all Parties *agree* that the Device needs to undergo forensic examination, meaning that the Parties will issue appropriate subpoenas to accomplish the inspection once an inspection protocol is approved. Third, while Plaintiffs propose the safest methods for obtaining data from the Device, the secondary chip-off method poses a small risk of damage to the Device or memory. Finally, given the involvement of attorneys and experts from both sides, identifying mutually agreeable dates for the inspection is critical *prior* to issuing the relevant subpoena.

II.     Argument

A. **Forensic Examination is Necessary in this Matter**

To begin with, a forensic examination of the Device is critical to resolve this matter. Plaintiffs allege that the Device showed a bridge over the Tennessee River at Blythe Ferry Lane based on images produced in the forensic report by the Tennessee 9th District Attorney's Office. (ECF No. 1, PageID.4–5). Thus, the core of this case revolves around the Device and what information it displayed on the night of February 14, 2024. The current evidence that has been adduced comes from the 9th District Attorney General's forensic report related to the death of Ms. Smith which includes an image purportedly from the Device showing a bridge across the

3

Tennessee River at Blythe Ferry Lane. Defendants disagree that the Device displayed a bridge at that location.

### B. The Scope of the Forensic Examination is Limited

The Parties seek to forensically examine a single item, the GPS device that was involved in a fatal incident. Moreover, the Device has already been subjected to a forensic examination by the 9th District Attorney General's Office. **Exhibit B**. Unlike the circumstances in *John B* where the Six Circuit found that an order for forensic examination which involved numerous computers both private and governmental implicated significant privacy and confidentiality concerns, Plaintiffs here seek to conduct a forensic inspection of a single item. As previously noted moreover, the Parties agree that a forensic inspection of the Device is necessary but disagree as to the methods.

### C. There are Limited Privacy Concerns

There are a number of factors that limit the potential privacy concerns in the proposed forensic examination. First, unlike many other circumstances, the Parties are not seeking to forensically examine a person's computer or phone and all the non-relevant personal information contained therein. *Cf. List Indus. v. Umina*, No. 3:18-cv-199, 2019 U.S. Dist. LEXIS 73481, at *10–16 (S.D. Oh. May 1, 2019) (discussing privacy concerns associated with forensic imaging of personal computers). Here, the Device is a GPS system that will demonstrate the movements of decedent Robert Leonard, but more critically for this case, will assist in establishing what was displayed to Robert Leonard before he drove into the Tennessee River. While there certainly are privacy concerns associated with GPS location data, *Carpenter v. U.S.*, 585 U.S. 296, 309–310

(2018),[1] the concerns presented here are much weaker. First, the Device was used in a professional capacity. Second, the Device was not a cellphone and was unlikely to always be present with decedent Leonard. Third, the owner of the Device died along with Ms. Smith during the incident. Finally, this is a civil matter and these types of records are obtainable when relevant.

   D.  **There are no Special Factors Militating Against a Forensic Examination**

Briefly, this case does not present special factors that the Court needs to weigh when considering the present motion. Unlike in the *John B* case where the Sixth Circuit found that federalism concerns were relevant to its analysis given the discovery sought access to governmental computers, *John B. v. Goetz*, 531 F.3d 448, 461 (6th Cir. 2008), there are no similar considerations at play here.

   E.  **The Proposed Inspection Protocol Seeks to Avoid Potentially Destructive Testing**

The Protocol seeks first to extract data from the Device using an ISP extraction which will be non-destructive and avoid introducing new information and/or data *into* the Device. **Exhibit A**. However, if this is not feasible the Protocol permits a chip-off data extraction method. *Id*. While not inherently destructive, the chip-off method *does* involve some risk of damage to the Device and potential for data loss. However, these limited risks on the secondary method of data extraction still meet the necessary threshold to permit a forensic examination.

The attached protocol was drafted by Robert Draper, an expert in the fields of data identification, preservation and collection as referenced by his CV. **Exhibit C**. It is the opinion of Robert Draper that ISP Extraction would be the preferred method of data extraction as it is the least invasive/destructive method of gathering data from the Garmin. **Exhibit A**.

---

[1] Plaintiffs are in no way implying that the Fourth Amendment is implicated by this case. This case is civil, and the information sought is through the normal course of discovery. *Carpenter* is cited in recognition of the privacy concerns associated with the movements of an individual.

5

When it comes to destructive testing, several district courts, including those in Tennessee have applied a four-part analysis to determine whether such testing is warranted:

> (1) whether the proposed testing is reasonable, necessary, and relevant to proving the movant's case; (2) whether the non-movant's ability to present evidence at trial will be hindered, or whether the non-movant will be prejudiced in some way; (3) whether there are any less prejudicial alternative methods of obtaining the evidence sought; and (4) whether there are adequate safeguards to minimize prejudice to the non-movant, particularly the non-movant's ability to present evidence at trial.

*Reed v. Ameriwood Indus.,* No. 2:14-cv-143, 2015 U.S. Dist. LEXIS 189773, at*3 (E.D. Tenn., Feb. 6, 2015) (citing *Mirchandani, et al v. Home Depot USA Inc.*, 235 F.R.D. 611 (D. Md. 2006)).

As previously discussed, the information contained in the Device is central to the claims and defenses of all Parties and is therefore necessary. In the same vein, no Party will be prejudiced by the forensic examination as all Parties will be provided access to the data obtained therefrom. Next, the Protocol is designed to avoid damaging or altering the Device in any way and is the least intrusive method to obtain the Data that all Parties require for this case. Finally, a chain of custody log will be maintained to ensure proper accounting for the Device and to prevent unauthorized access and/or modifications.

## CONCLUSION

WHEREFORE, the Plaintiff requests that this Honorable Court enter an order adopting the forensic examination protocols attached to this motion as **Exhibit A, Attachment 1**.

Respectfully submitted,

By: /s/ Robin Ruben Flores
**ROBIN RUBEN FLORES**
**TENN. BPR #20751**
**GA. STATE BAR #200745**
Attorney for Plaintiff Nathan Smith
4110-A Brainerd Road
Chattanooga, TN 37411
O: (423) 267-1575
F: (423) 267-2703
robin@robinfloreslaw.com

/s/ Alyson Oliver
**OLIVER BELL GROUP**
***admitted pro hac vice**
**Attorney for NR, JE and LC**
50 W. Big Beaver Road Ste. 200
Troy, MI 48084
O: (248) 327-6556
F: (248) 416-3047
notifications@oliverlawgroup.com

| THOMAS & THOMAS, LLC | SUMMERS, RUFOLO & RODGERS, P.C. |
|---|---|
| By: /s/ W. Neil Thomas<br>**W. NEIL THOMAS**<br>**TENN. BPR #004536**<br>**MICHAEL THOMAS**<br>**TENN. BPR #29423**<br>Attorneys for Plaintiff Nathan Smith<br>6148 Lee Highway, Suite 115<br>Chattanooga, TN 37421<br>O: (423) 910-9100<br>F: (423) 356-3082<br>wnthomas@twtlawfirm.com | By: /s/ Jeffery Rufolo<br>**TENN. BPR #15013**<br>Attorneys for Plaintiffs NR, JE and LC<br>735 Broad Street, Suite 800<br>Chattanooga, TN 37402<br>O: (423) 265-2385<br>jrufolo@summersfirm.com |

Dated: December 8, 2025.

7

Case 1:25-cv-00050-DCLC-CHS   Document 28   Filed 12/08/25   Page 9 of 9   PageID #: 118