TABITHA MARIE SMITH (Deceased)
(aka Tabatha Marie Colbaugh), by and
through her surviving children NATHAN
ALEXANDER SMITH, JE through next
friend JH, NR through next friend SR, and
LC through next friend EH,

and

NATHAN ALEXANDER SMITH, JE
through next friend JH, NR through next
friend SR, and LC through next friend EH,
(individually),

Plaintiffs,

v.

GARMIN INTERNATIONAL, INC.

Defendant.

CIVIL ACTION NO.1:25-CV-50

JURY DEMAND

## DEFENDANT'S MOTION TO CONTINUE TRIAL DATE

Defendant Garmin International, Inc. "Garmin" jointly moves the Court to continue the current trial date and enter the Proposed Order Continuing Trial Date attached as Exhibit A. In support, Garmin states as follows:

1.      On May 19, 2025, the parties filed their Joint Rule 26(f) Report and Discovery Plan [Doc. 23] which stated the parties "should proceed with an initial period for expert analysis of the [Garmin Personal Navigation Device] PND to establish potentially dispositive facts prior to full discovery. Specifically, whether the PND at issue in this case indicated the presence of a bridge across the Tennessee River at the site of the incident and its status immediately preceding the incident. The Parties agree that a period of sixty days shall be sufficient for this purpose."

2.      On May 27, 2025, the Court issued a Scheduling Order [Doc. 25] based largely on the parties' Rule 26(f) Report.  The Scheduling Order adopted the parties proposed dates for expert disclosures, dispositive motions, fact and expert discovery cut-off and set a trial for December 1, 2026.

3.      Examination of the PND proved more difficult than the parties anticipated and on January 30, 2026, the Court entered an Order directing the parties to draft a mutually agreeable forensic protocol for the Parties to perform a forensic analysis of the Garmin Drive 52 EX. [Doc. 52]. The Order further held that "[t]he expert disclosure deadlines set forth in the Court's Scheduling Order [Doc. 25] will be held in abeyance until such time as an order is entered by the Court ruling on Plaintiffs' Motion for Forensic Examination Pursuant to Proposed Inspection Protocol." [Doc 52].

4.      After further briefing to the court on the scope of an agreed upon forensic examination, the Court entered an Agreed Order Governing Inspection Protocol on March 2, 2026, which provided that the "Parties shall submit a Joint Motion to Amend the current Scheduling Order[.]" [Doc 55].

5.      In accordance with Court's March 2, 2026 Order, the Parties performed a forensic analysis of the Garmin Drive 52 EX on March 23, 2026, and submitted to the Court their Joint Motion to Amend the Scheduling Order on April 27, 2026. [Doc. 59]. The Parties' Joint Motion proposes restructuring discovery to promote efficiency, conserve party and judicial resources, and focus early proceedings on threshold issues. Specifically, the Parties jointly propose bifurcated discovery. Phase One will be limited to written discovery, expert disclosures, and depositions, solely addressing the issue of liability. Following Phase One, the Parties will proceed with dispositive motion practice, including summary judgment and any Daubert challenges. After

dispositive motion practice, if necessary, the parties will submit a proposed schedule to address any remaining merits and damages discovery. It was assumed by all Parties that each of the remaining deadlines set in the Court's initial Scheduling Order were to be adjusted.

6. To date, the Court has neither ruled on the Joint Motion to Amend Current Scheduling Order nor set new dates for the Parties to first focus on expert discovery necessary to rule on the dispositive issue raised in the Parties Rule 26(f) Report, i.e. "whether the PND at issue in this case indicated the presence of a bridge across the Tennessee River at the site of the incident and its status immediately preceding the incident."

7. The Parties' somewhat lengthy delay in examining the PND and the Court's resulting decision to suspend expert disclosure deadlines has practical implications for the remainder of the case schedule. Under the current Scheduling Order, the June 19, 2026 discovery deadline applies to both fact and expert discovery. Because new expert discovery deadlines have not been established, the Parties are unable to complete either fact or expert discovery within the existing discovery deadline. To date, no fact discovery has been undertaken as the parties have focused efforts on the examination of the PND, resulting expert opinions and the anticipated dispositive motion practice.

8. Accordingly, the current schedule no longer provides appropriate deadlines or sufficient time for the Parties to complete discovery and prepare their cases for trial.

9. Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order for good cause. Here, good cause exists due to the timing of the March 23, 2026 forensic analysis, the vital role the forensic analysis will play in both expert and fact discovery in this case, and the ensuing expert discovery in which both parties intend to engage.

10. The requested continuance of the trial date is based upon the practical effect of holding the expert deadlines in abeyance and the resulting need to realign the broader case schedule.

11. Without a corresponding adjustment to the trial date and related deadlines, the Parties will be unable to complete discovery in a meaningful and orderly manner to adequately prepare for trial.

12. Garmin submits that a continuance of approximately three to six months following a ruling on the anticipated dispositive motion(s) would allow sufficient time for completion of discovery and trial preparation.

Accordingly, Garmin respectfully requests that the Court grant this motion to continue the trial date, currently set to begin on December 1, 2026, to a date deemed appropriate by the Court.

Respectfully submitted,

/s/ *Emma M. Weintraub*

Donald J. Kelly (Pro Hac Vice)
**Bricker Graydon Wyatt LLP**
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235 / Facsimile (502) 589-0309
dkelly@bricker.com

Emma M. Weintraub (TN BPR # 042326)
**Bricker Graydon Wyatt LLP**
6070 Poplar Ave. Suite 300
Memphis, TN 38119
(901) 537-1020
emweintraub@bricker.com

*Counsel for Defendant*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically upon the following via the Court's ECF system on this the 26th day of May, 2026:

Robin R. Flores
**FLORES LAW OFFICE**
4110 Brainerd Road, Suite A
Chattanooga, TN 37411
robin@robinfloreslaw.com
*Attorneys for Plaintiff Nathan Smith*

Jeffrey W. Rufolo
**SUMMERS, RUFOLO & RODGERS, P.C.**
735 Broad Street, Suite 800
Chattanooga TN 37402
jrufolo@summersfirm.com
*Attorneys for Plaintiffs NR, JE and LC*

W. Neil Thomas, III
Michael Mason Thomas
**THOMAS & THOMAS**
6148 Lee Highway, Suite 1115
Chattanooga TN 37363
wntthomas@twtlawfirm.com
mthomas@twtlawfirm.com
*Attorneys for Plaintiff Nathan Smith*

Alyson Oliver
**OLIVER BELL GROUP**
50 W. Big Beaver Road, Suite 200
Troy, Michigan 48084
Notifications@oliverlawgroup.com
aoliver@oliverlawgroup.com
*Attorneys for Plaintiffs NR, JE and LC*

 */s/ Emma M. Weintraub*