**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA**

| | |
|---|---|
| **TABITHA MARIE SMITH (Deceased) (aka Tabatha Marie Colbaugh), by and through her surviving children NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH,**<br><br>**and**<br><br>**NATHAN ALEXANDER SMITH, JE through next friend JH, NR through next friend SR, and LC through next friend EH, (individually),**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GARMIN INTERNATIONAL, INC.**<br><br>**Defendant.** | **CIVIL ACTION NO.1:25-CV-50**<br><br>**JURY DEMAND** |

**DEFENDANT GARMIN INTERNATIONAL, INC'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and the corresponding local rules of this court, Defendant Garmin International, Inc. ("Garmin") hereby submits its Motion for Summary Judgment on all claims asserted against it. As set forth more fully in the accompanying Memorandum of Law, there is no genuine dispute as to any material fact, and Garmin is entitled to judgment as a matter of law.[1]

[1] Garmin submits an accompanying Statement of Material Fact ("SMF") as to which it contends there is no genuine issue for trial.

Plaintiffs' claims for strict liability, negligence, and gross negligence all depend upon their ability to prove that the Garmin Drive 52 EX found in Deputy Leonard's patrol vehicle displayed a non-existent bridge crossing the Tennessee River from Blythe Ferry Lane and that this alleged display caused the accident at issue. Plaintiffs, however, have failed to produce evidence supporting either proposition. Despite possessing a forensic image of the device for months and despite the expiration of their expert disclosure deadline, Plaintiffs have not identified a single expert, provided an expert report, or offered expert testimony regarding defect or causation. Furthermore, Plaintiffs' expert disclosure deadline passed on September 15, 2026 [*see* Doc. 62], and since the passage of this deadline, Plaintiffs have communicated no intention of setting forth any expert analysis.

The absence of expert proof is fatal to Plaintiffs' claims. Tennessee law requires proof that a product was defective or unreasonably dangerous and that the alleged defect proximately caused the plaintiff's injuries. *See Hill v. Century Ames, Inc.*, 760 F. Supp. 3d 576, 596 (E.D. Tenn. 2024) (explaining it is "'not enough that plaintiff suffered injuries from using . . . a product' but '[r]ather, there must be a showing that the particular defect or dangerous condition proximately caused the plaintiff's injury, or the manufacturer cannot be liable.'"). In complex products-liability cases involving technical issues beyond the knowledge of a lay juror, expert testimony is required to establish both defect and causation. Plaintiffs have no such evidence. *See Downs v. Perstorp Components, Inc.*, 26 F. App'x 472, 477 (6th Cir. 2002) ("[W]ithout admissible expert testimony on causation, no reasonable jury could find for plaintiffs because Tennessee law requires proof of causation for both strict liability and negligence actions."); *Pride v. BIC, Corp.*, 218 F.3d 566, 581 (6th Cir. 2000) ("[E]xpert testimony on causation and product defect . . . is required to establish liability in cases alleging manufacturing and design defects.").

Moreover, despite the complete absence of proof supporting Plaintiffs' allegations, Garmin's forensic expert analyzed the actual map files residing on the Device and determined that the Device did not display a bridge crossing the Tennessee River at Blythe Ferry Lane. Testing further demonstrated that the Device would not route a user into the river and instead would direct the driver to take alternate routes or turn around. Garmin's analysis also concluded that the device was not being used in route mode at the time of the accident. Plaintiffs have offered no admissible evidence—expert or otherwise—contrary to this conclusion.

Accordingly, because Plaintiffs failed to disclose any expert, cannot establish the essential elements of their claims and cannot create a genuine issue of material fact for trial, Garmin respectfully requests that the Court enter summary judgment in its favor and dismiss all claims asserted against Garmin with prejudice.

Respectfully submitted,

***/s/Donald J. Kelly***

Donald J. Kelly (Pro Hac Vice)
**BRICKER GRAYDON WYATT, LLP**
400 West Market Street, Suite 2000
Louisville, KY 40202
(502) 589-5235 / Facsimile (502) 589-0309
dkelly@bricker.com

**BRICKER GRAYDON WYATT, LLP**
333 Commerce Street, Suite 1050
Nashville, TN 37201
(615) 244-0020 / Facsimile (615) 256-1726
jbradshaw@bricker.com

Emma M. Weintraub (Pro Hac Vice)
**BRICKER GRAYDON WYATT, LLP**
6070 Poplar Avenue, Suite 300
Memphis, TN 38119
(901) 537-1020 / Facsimile (901) 537-1010
emweintraub@bricker.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed and served electronically upon the following via the Court's ECF system on this the 15th day of October, 2026:

Robin R. Flores
**FLORES LAW OFFICE**
4110 Brainerd Road, Suite A
Chattanooga, TN 37411
robin@robinfloreslaw.com
*Attorneys for Plaintiff Nathan Smith*

Jeffrey W. Rufolo
**SUMMERS, RUFOLO & RODGERS, P.C.**
735 Broad Street, Suite 800
Chattanooga TN 37402
jrufolo@summersfirm.com
*Attorneys for Plaintiffs NR, JE and LC*

W. Neil Thomas, III
Michael Mason Thomas
**THOMAS & THOMAS**
6148 Lee Highway, Suite 1115
Chattanooga TN 37363
wntthomas@twtlawfirm.com
mthomas@twtlawfirm.com
*Attorneys for Plaintiff Nathan Smith*

Alyson Oliver
**OLIVER BELL GROUP**
50 W. Big Beaver Road, Suite 200
Troy, Michigan 48084
Notifications@oliverlawgroup.com
aoliver@oliverlawgroup.com
*Attorneys for Plaintiffs NR, JE and LC*

***/s/Donald J. Kelly***